# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| Katrena Grier, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| Publix Alabama, LLC., ) | |
| d/b/a Publix, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Katrena Grier, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Publix Alabama, LLC., d/b/a Publix ("Defendant") and seeks redress for discrimination suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant in violation of the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601 *et seq*., and 28 U.S.C. § 1343 and any other cause(s) of action that can be inferred from the facts set forth herein and states the following.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Family Medical Leave Act of 1993, as amended ("FMLA"). 29 U.S.C. § 2601 *et seq.*, and 28 U.S.C. § 1343.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims because they are so related in this action within such original jurisdiction that they form part of the same case or controversy.

3. The unlawful employment acts alleged herein took place within the Southern Division of the Northern District of Alabama.

4. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

5. Katrena Grier ("Plaintiff") is over the age of 19 and is domiciled in the state of Alabama.

6. Publix Alabama, LLC., d/b/a Publix ("Defendant") is a domestic corporation licensed to do business in the State of Alabama.

## FACTS

7. Plaintiff realleges paragraphs 1-6 as if set out here in full.

8. Defendant employed Plaintiff as a deli clerk.

9. Around the beginning of July of 2019, Plaintiff approached her manager about taking FMLA leave.

10. The requested leave was to take care of her ailing mother who had congestive heart failure.

11. Plaintiff was her mother's only caretaker.

12. Plaintiff was required to take her mother to doctor's appointments, cook for her, clean for her, and other general tasks of a caretaker.

13. Plaintiff's manager, Cody (last name unknown), instructed Plaintiff to fill out FMLA paperwork.

14. Plaintiff complied with her manager's request.

15. Plaintiff was told by her manager that the paperwork was good, and she was approved to take the FMLA leave.

16. While out on leave, Plaintiff spoke to her manager once or twice a week to keep him updated on her mother's progress and condition.

17. Plaintiff even came into the store on one occasion to update her manager about her mother's progress and condition.

18. At no point while Plaintiff was out on leave or when she checked in with her manager was she informed her leave was not approved.

19. Plaintiff returned to work on or about August 20, 2019, and was given a two week work schedule from her manager.

20. Plaintiff proceeded to work her next two shifts.

21. On the day of her third shift, she was terminated.

22. The reason given for her termination was unapproved FMLA leave.

## COUNT I
## FMLA Interference

23. Plaintiff adopts and realleges paragraphs 1-22 as if fully set out in this count.

24. Defendant, through its agent Cody, Plaintiff's manager, promised to continue to employ Plaintiff in her position following her return from FMLA leave as part of her rights under FMLA.

25. Defendant should have reasonably expected that, by promising to continue to employ Plaintiff in her position, Plaintiff would schedule her FMLA leave to be her mother's caretaker as soon as possible, as she needed immediate care.

26. Following Defendant's promise and Plaintiff being informed her leave was approved, Plaintiff went out on FMLA leave.

27. Plaintiff returned to work on or about August 20, 2019 and was terminated three shifts after returning.

28. The reason given for her termiantion was unapproved FMLA leave.

29. Injustice can only be avoided by enforcement of Defendant's promise to Plaintiff.

## COUNT II
### Promissory Estoppel

30. Plaintiff adopts and realleges paragraphs 1-22 as if fully set out in this count.

31. Defendant, through its agent, Cody, promised to continue to employ Plaintiff in her position following Plaintiff's return from FMLA leave.

32. Defendant should have reasonably expected that, by promising to continue to employ Plaintiff in her position, Plaintiff would schedule her FMLA leave to be her mother's caretaker as soon as possible, as she needed immediate care.

33. Following Defendant's promise and Plaintiff being informed her leave was approved, Plaintiff went out on FMLA leave.

34. Plaintiff returned to work on or about August 20, 2019 and was terminated three shifts after returning.

35. Injustice can only be avoided by enforcement of Defendant's promise to Plaintiff.

## COUNT III
### Intentional Misrepresentation

36. Plaintiff adopts and realleges paragraphs 1-22 as if fully set out in this count.

37. Around July of 2019, Defendant affirmatively represented to the Plaintiff that her FMLA leave was approved and that she could go on leave to caretake for her ailing mother.

38. At the time of Defendant's misrepresentation, Defendant knew or should have known that its statement was untrue.

39. Defendant made said misrepresentation for the purpose of inducing Plaintiff to take FMLA leave to care for her ailing mother prior to her becoming FMLA eligible.

40. But for the Defendant's negligent misrepresentation, Plaintiff would not have gone on FMLA leave until she was eligible.

41. Due to Defendant's assertion, Plaintiff reasonably believed she was eligible for FMLA leave.

42. As a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff suffered substantial financial harm and loss of employment benefits in an amount and to the extent determined by a jury.

## COUNT IV

### Breach of Contract

43. Plaintiff adopts and realleges paragraphs 1-22 as if fully set out in this count.

44. Plaintiff and Defendant entered into an agreement where Defendant agreed to allow Plaintiff time off to care for her ailing mother.

45. Plaintiff relied on this agreement and took time off from work to care for her mother.

46. Upon returning to work from the agreed upon leave, Plaintiff worked two shifts.

47. On her third shift after returning from leave, Plaintiff was terminated from employment.

48. The reason given for her termination was that she was on unapproved leave.

49. This was the same leave that Defendant agreed to allow Plaintiff.

50. Defendant breached its agreement with Plaintiff causing her to suffer damages.

## **PRAYER FOR RELIEF ON ALL COUNTS**

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a jury for the trial of this action.

Respectfully submitted:

/s/ D. Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

/s/ Raymond C Foushee
Ray Foushee
ASB-9344-x13g
*Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st St. S. Ste. A.
Birmingham, AL 35222
Phone: (205) 946-1924

Fax: (205) 650-8985
js@vlgal.com
rf@vlgal.com

**<u>Clerk, please serve the Defendant via certified mail:</u>**

Publix Alabama, LLC
C/O Corporate Creations Network, Inc.
4000 Eagle Point Corporate Drive
Birmingham, AL 35242