UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KATRENA GRIER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:21-CV-01090-RDP |
| } | |
| **PUBLIX ALABAMA LLC,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Publix Alabama LLC's ("Publix") Motion for Summary Judgment. (Doc. # 24). The Motion has been fully briefed (Docs. # 26, 29, 30) and is ripe for review. After careful review, and for the reasons below, Defendant's Motion (Doc. # 24) is due to be granted in part.

**I.    Background**[1]

In November 2018, Plaintiff Katrena Grier began working as a deli clerk at a Publix supermarket. (Doc. # 26 ¶ 6). In July 2019, Plaintiff sought leave from work under Publix's Family and Medical Leave Act ("FMLA") policy to care for her mother, who had become ill. (Docs. # 29 at 1; 26 ¶ 8). Plaintiff discussed her leave request with her immediate supervisor, Cody Granzow, and subsequently submitted an FMLA leave request form to Publix. (Doc. 26 ¶¶ 11-12). Granzow told Plaintiff to take the time she needed and that "everything would be okay when [she] returned back to work." (Doc. # 29-1 at 22). She began leave from work on July 16, 2019. (*Id.* ¶ 14). On

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

July 24, 2019, Publix sent Plaintiff a letter informing her that she did not qualify for FLMA leave. (Docs. # 25-1 at 83-86; 29-5). Plaintiff, however, denies that she ever received this letter. (Doc. # 29-1 at 22).

On August 16, 2019, Publix "administratively separated" Plaintiff from her employment, citing its policy granting a maximum of thirty days off without leave. (Doc. # 26 ¶ 17). Despite this, Plaintiff worked shifts at Publix on August 20 and 21, 2019. (*Id*. ¶ 18). On August 22, 2019, the system would not allow her to clock in due to her administrative separation. (*Id*. ¶ 19). Granzow then called Plaintiff into the office, at which point he informed Plaintiff that the FMLA leave request was denied and that her employment was terminated. (Doc. # 25-1 at 25).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub.*

*Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear ... that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

**III.    Analysis**

On August 10, 2021, Plaintiff brought this action seeking declaratory and injunctive relief, as well as money damages, for violations of federal and state law. (Doc. # 1). Specifically, in her amended complaint, Plaintiff alleges interference and retaliation under the FMLA, intentional misrepresentation, and breach of contract. (Doc. # 15 at 4-8). Because Plaintiff does not deny that she was ineligible for FMLA benefits under the statute, she only seeks equitable relief for those claims. (Doc. # 29 at 6-15). The court first addresses her federal law claims under the FMLA, then turns to her state law claims of misrepresentation and breach of contract.

    **A.    Plaintiff's Interference and Retaliation Claims**

        *i.    Plaintiff's Claims Under the FMLA*

An employee is eligible for FMLA protection if she has been employed for at least twelve months and worked at least 1,250 hours of service with the employer. 29 U.S.C. § 2611 (2)(A)(i)-(ii). To succeed on a claim of FMLA interference, a plaintiff must demonstrate that she "was denied a benefit to which she was entitled under the FMLA." *Schaaf v. Smithline Beecham Corp.*, 602 F.3d 1236, 1241 (11th Cir. 2010) (internal quotations omitted). To succeed on an FMLA retaliation claim, a plaintiff must establish a prima facie case by showing that "(1) she is entitled to the claimed benefit, (2) she suffered an adverse employment action, and (3) the adverse action was 'intentional' and 'motivated' by her participation in the protected activity, establishing a

4

causal connection." *Bentley v. Orange Cty.*, 445 F. App'x 306, 309 (11th Cir. 2011) (quoting *Strickland v. Water Works & Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001)). Here, Plaintiff cannot demonstrate interference or retaliation under the FMLA because, as she concedes, she is not eligible for FMLA protection. (Doc. # 29 at 6). As established above, eligibility is a prerequisite to establishing interference or retaliation under the FMLA. Thus, the court's analysis of Plaintiff's FMLA claims under the statute ends there.

  ii.  *Plaintiff's Claims Under Equitable Estoppel*

Notwithstanding her concession that she is ineligible for protection under the FMLA, Plaintiff requests that the court apply equitable estoppel, presumably to enforce Granzow's promise that "everything would be okay" if Plaintiff took the leave she requested. (*See* Doc. # 29-1 at 22); (Doc. # 15 at 6). The Eleventh Circuit has not determined "whether the doctrine of equitable estoppel applies as a matter of federal common law in the FMLA context." *Cowman v. Northland Hearing Centers, Inc.*, 628 F. App'x 669, 672 (11th Cir. 2015) (citing *Dawkins v. Fulton Cty. Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013)). However, without concluding the doctrine applies, in a few instances panels of our Circuit have analyzed whether the party asserting equitable estoppel can satisfy the essential elements of such a claim.[2] *See, e.g., Cowman*, 628 F. App'x at 672 ("we have found it unnecessary to decide whether equitable estoppel doctrine applies in that context where—even assuming that it does—the plaintiff fails to establish an essential element of her equitable estoppel claim.").

---

[2] The court generally agrees with Defendant's reading of *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1052 (11th Cir. 2020), that a plaintiff "*must* have been eligible for the leave that she sought" to state a claim for interference or retaliation under the FMLA. (Doc. # 30 at 4) (emphasis in original). On its face, this would seem to preclude the application of equitable estoppel in the FMLA context when the party seeking estoppel is ineligible for FMLA leave. But the court in *Martin* did not address estoppel. When the Eleventh Circuit has addressed estoppel, it has declined to make such a sweeping conclusion. Until it does so, district courts are left to follow the Circuit's lead and undertake an estoppel analysis as they would in any non-FMLA case.

5

> To successfully assert equitable estoppel in this circuit, a party must establish that:
>
> (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe that the party asserting the estoppel would rely on it; (4) the party asserting the doctrine did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.

*Id.* (citing *Dawkins*, 733 F.3d at 1089). Here, even if this estoppel doctrine applies to cases like this, in which a plaintiff is not eligible for FMLA leave, Plaintiff cannot establish an estoppel claim. First, Plaintiff relies on Granzow's assurances that "everything would be okay" (*see* Doc. # 29-1 at 22) if Plaintiff took leave, as well as a second manager's endorsement of Granzow's statement, to establish that Publix misrepresented material facts. (Doc. # 29 at 8-9). Plaintiff does not, however, allege that Granzow had actual or apparent authority to bind Publix on FMLA matters. And there is another problem here. Even if Plaintiff could establish that Granzow acted with authority -- actual or apparent -- to bind Publix on this matter, and even if his statement that "everything would be okay" (*see* Doc. # 29-1 at 22) was sufficiently concrete to constitute a misrepresentation of material fact, there is no indication in the briefing or the record that Granzow or Publix were aware of Plaintiff's ineligibility under the FMLA at the time he made his statement.

Thus, even assuming that a plaintiff who is not FMLA eligible may be entitled to estoppel, Plaintiff is not entitled to relief here because under this circuit's precedent she cannot establish every element required for the application of estoppel. As Plaintiff concedes she is ineligible for FMLA relief under the statute and because she cannot establish the elements required for the application of estoppel, Publix is entitled to summary judgment on Plaintiff's FMLA claims.

### B.   Plaintiff's State Law Claims

In addition to Plaintiff's federal claims under the FMLA, she alleges breach of contract and intentional misrepresentation under Alabama law. It is well settled in this circuit that "state courts,

6

not federal courts, should be the final arbiters of state law." *Ingram v. School Bd. of Miami-Dade Cty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). Indeed, where a court has granted summary judgment on all federal claims, "there is a very strong argument for dismissal [of state claims], especially where the federal claims are dismissed prior to trial." *Id*. (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "In fact, 'if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims.'" *Id*. at 108-09 (quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). Here, because Defendant is entitled to summary judgment on Plaintiff's federal claims, and because Plaintiff has not alleged any independent basis for jurisdiction over her state law claims, the court declines to exercise jurisdiction over those claims.

**IV.    CONCLUSION**

For the reasons above, Publix is entitled to summary judgment as to Plaintiff's FMLA claims. Further, the court declines to exercise jurisdiction over Plaintiff's remaining state law claims. A separate order reflecting this opinion will be entered contemporaneously.

**DONE** and **ORDERED** this February 10, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE